# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| STEPHANIE CATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| vs. ) | No. _____ |
| ) | |
| WYATT EARP'S STEAK HOUSE LLC, ) | |
| ADAM KELLEY, and PAMELA ) | |
| KELLEY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Stephanie Cates files this Complaint against Wyatt Earp's Steak House LLC, Adam Kelley, and Pamela Kelley (collectively "Defendants") d/b/a Wyatt Earp's Steak House for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid wages, liquidated damages, costs, and attorneys' fees. Plaintiff alleges as follows:

## VENUE AND JURISDICTION

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in the Western District of Tennessee pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

**A.  Plaintiff Stephanie Cates.**

3. Plaintiff Stephanie Cates is a citizen and resident of Tennessee in this district and

division.

4. The relevant time period is three (3) years prior to the filing of this complaint.

5. At all times during the relevant period, Plaintiff was an "employee" of Defendants and covered under the FLSA.

**B.  Wyatt Earp's Steak House LLC.**

6. Defendant Wyatt Earp's Steak House LLC ("Wyatt Earp") is a Tenessee corporation with its principal office address on file with the Tennessee Secretary of State as 4052 Atoka Idaville Road Atoka, TN 38004-7400.

7. Defendant Wyatt Earp's registered agent for service of process is Wyatt Earp's Steak House LLC, 4052 Atoka Idaville Road, Atoka, TN 38004-7400.

8. At all times during the relevant period, Defendant Wyatt Earp was an employer and/or joint employer of Plaintiff within the meaning of the FLSA.

9. At all times during the relevant period, Defendant Wyatt Earp had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10. At all times during the relevant period, Defendant Defendant Wyatt Earp was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

**C.  Defendant Adam Kelley.**

11. Upon information and belief, Defendant Adam Kelley is a resident of Tennessee in this district and division.

12. At all times during the relevant period, Defendant Adam Kelley was an owner, a general manager, and a primary decision maker of Defendant Wyatt Earp's Steak House LLC.

**D.      Defendant Pamela Kelley.**

13.     Upon information and belief, Defendant Pamela Kelley is a resident of Tennessee in this district and division.

14.     At all times during the relevant period, Defendant Pamela Kelley was an owner, a general manager, and a primary decision maker of Defendant Wyatt Earp's Steak House LLC.

## FACTS

15.     Defendants own and operate Wyatt Earp's Steak House located at 102 E Court Square Suit DU, Covington, TN 38019 (the "Restaurant").

16.     At all relevant times during the relevant period, the Restaurant had annual gross volume of sales made or business done of not less than $500,000.00.

17.     At all times throughout the relevant period, Defendant Adam Kelley was the general manager and/or primary decision maker for Defendant Wyatt Earp; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decision relating to Plaintiff; determined Plaintiff's wages; approved Plaintiff's hours and days off; and prepared Plaintiff's pay checks.

18.     Defendant Adam Kelley, as a general manager and/or primary decision maker for Defendant Wyatt Earp, made the decision of what to pay Plaintiff and to pay Plaintiff a daily wage in violation of the FLSA.

19.     Defendant Adam Kelley exercised sufficient control over Plaintiff to cause him to be individually liable for the alleged FLSA violations.

20.     At all times throughout the relevant period, Defendant Pamela Kelley was the general manager and/or primary decision maker for Defendant Wyatt Earp; had control and direction over workplace conditions, operations, personnel, and compensation including making

hiring and firing decision relating to Plaintiff; determined Plaintiff's wages; approved Plaintiff's hours and days off; and prepared Plaintiff's pay checks.

21. Defendant Pamela Kelley, as a general manager and/or primary decision maker for Defendant Wyatt Earp, made the decision of what to pay Plaintiff and to pay Planitff a daily wage in violation of the FLSA.

22. Defendant Pamela Kelley exercised sufficient control over Plaintiff to cause her to be individually liable for the alleged FLSA violations.

23. Plaintiff was hired by and began employment with Defendants as a server in November 2017.

24. Planitiff's employment with Defendants ended in September 2019.

25. At all times during the relevant period, Plaintiff was employed as a server at the Restaurant.

26. At all times during the relevant period, Plaintiff was denied earned wages by Defendants while working at the Restaurant.

27. At all times during the relevant period, Defendants refused to pay Plaintiff an hourly wage.

28. At all times during the relevant period, Defendants promised Plaintiff a daily salary of $10.00 per day, with a maximum payment of $30.00 per work week regardless if Plaintiff worked more than three days in a given week.

29. Plaintiff's average hourly payment was for less than minimum wage.

30. Defendants violated the FLSA by not paying Plaintiff an hourly wage.

31. Defendants violated the FLSA by paying Plaintiff an average payment of less than minimum wage.

32. Defendants' policy and practice of paying Plaintiff a daily wage violates the FLSA.

### COUNT I
### FAIR LABOR STANDARDS ACT VIOLATIONS –
### MINIMUM WAGE

33. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

34. At all times during the relevant period, Defendants were Plaintiff's employer and/or joint employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all times during the relevant period, Defendants employed Plaintiff within the meaning of the FLSA.

36. At all times during the relevant period, Defendants failed to compensate its employees, including Plaintiff, at the applicable federal minimum wage.

37. As a result of Defendants' willful failure to pay Plaintiff the appropriate minimum wage, Defendants violated the FLSA, 29 U.S.C. §§ 206(a)(1) and 215(a).

38. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

    A.    An award of unpaid compensation for wages to Plaintiff;

    B.    An award of all liquidated damages for unpaid wages to Plaintiff;

    C.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

    D.    Such other and further relief as this Court deems just and proper.

Respectfully submitted this May 6, 2020,

**HALL & LAMPROS, LLP**

/s/ *Andrew Lampros*
Andrew Lampros
Tenn. BPR # 020167

400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
alampros@hallandlampros.com

*Attorneys for Plaintiff*